THEODORE W. TROWBRIDGE *et ux. vs.* JOHN F. CAULKINS
*et ux. et als.*

Partition in equity against the wishes of the respondent co-owners will not be ordered while the realty to be divided is subject to the lien of the deceased owner's creditors.

BILL IN EQUITY for partition of realty between the devisees of Sullivan Moulton, who died January 8, A. D. 1890, and other co-owners.

The respondents, Caulkins and wife, demurred and set out matters not stated in the bill, both as reasons for demurring and as reasons why partition should not be made.

The other respondents answered and objected to the partition.

It appeared at the hearing that Moulton's personalty was exhausted, and that there were outstanding claims against his estate for which his realty was liable.

*January* 23, 1892. PER CURIAM. We are of opinion that partition should not be decreed against the respondents' objections thereto, so long as the mortgage and other debts remain outstanding. *Hendry* v. *Hollingdrake*, 16 R. I. 477.

We will overrule the demurrer and allow the cause to stand until the lien for debts upon the estates of which partition is

---

sought is extinguished, unless the parties interested consent in the mean time to a partition.

*Charles C. Mumford*, for complainants.

*John Erastus Lester*, for respondents, Caulkins and wife.

*Isaac H. Southwick, Jun.*, for the other respondents.